IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ROBERT S. WISHON, Register No. 47269, )
                                                              Plaintiff, )
                                                              v. ) No. 07-4137-CV-C-NKL
DAVE DORMIRE, et al., )
                                                            Defendants. )

## ORDER

      On August 20, 2007, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

      The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on August 27, 2007. Contrary to plaintiff's assertions that the Magistrate Judge did not address all of the issues raised in the complaint, the issues were adequately addressed in the report and recommendation. The cases from other circuits that were cited by plaintiff to support his claim that prison regulations create a liberty interest to be free from segregation were cases that predate Sandin v. Connor, 515 U.S. 472, 478 (1995). Assignment to segregation, whether disciplinary or otherwise, has been consistently held not to be an atypical significant hardship or in violation of the Eighth Amendment. See Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003); Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994). Further, plaintiff has not alleged facts indicating he was treated differently than other inmates in administrative segregation or that he was denied equal protection.

      The court also notes that plaintiff received a remedy through the institutional grievance procedure, when his conduct violation was expunged. Thus, this is further evidence that he was not denied due process. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

Plaintiff's financial documentation indicates that he is capable of paying an initial partial filing fee of $11.20. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account).

IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $11.20 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $350.00 filing fee is paid in full. It is further

ORDERED that the Report and Recommendation of August 20, 2007, is adopted. [7] It is further

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: October 1, 2007
Jefferson City, Missouri